# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

MANPOWER, INC., a Wisconsin corporation,

    Plaintiff,

v.

GOLDEN HILLS REDEVELOPMENT, INC., a California corporation,

    Defendant.

Case No. 1:05-cv-01312 AWI TAG

REPORT AND RECOMMENDATION RE: PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT

(Doc. 11)

    Plaintiff is proceeding with an action for damages for a breach of oral contract. (Doc. 1). Pending before the Court is plaintiff's Fed. R. Civ. P. 55(b)(1) application for default judgment against defendant Golden Hills Redevelopment, Inc. ("Golden Hills"). The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b).

    I. Procedural History and Claims Presented

    Plaintiff filed a complaint against defendant on October 18, 2005, alleging breach of contract, account stated, open book account and quantum meruit, all relating to the alleged provision by plaintiff of temporary employees to defendant. (Doc. 1). Plaintiff alleged that temporary employees were provided to defendant from the week ending March 20, 2005, through the week ending May 1, 2005, all pursuant to an oral contract between plaintiff and defendant allegedly made on March 13, 2005. (Doc. 1 at ¶¶ 7-8). Plaintiff further alleged that it invoiced defendant $129,566.71 for the provision of such temporary employees, but that defendant never paid the amount invoiced. (Doc. 1 at ¶ 9).

1    A summons and complaint were served on Golden Hills at 901 Tower Way, Suite 307,
2 Bakersfield, California on October 25, 2005, by delivery to office manager Linda Apodaca.
3 (Doc. 6).  No answer was filed by defendant.  On November 16, 2005, plaintiff moved for entry
4 of default (Doc. 7), and the Clerk of the Court entered such default against defendant on January
5 3, 2006.  (Doc. 10).
6    Plaintiff now has applied under Fed. R. Civ. P. 55(b)(1) for judgment against defendant,
7 pursuant to the clerk's entry of default, in the principal sum of $129,566.71, plus costs in the
8 amount of $278, attorney's fees recoverable on an open book account in the amount of $1,000,
9 and interest at the statutory rate of 10% per annum on the unpaid principal amount (totaling
10 $8,837.01 for the period April 2, 2005 through December 7, 2005), for a total judgment of
11 $139,681.72.  (Doc. 11, Attachment 1 at pp. 7-8).
12    II. Evidence Submitted in Support of the Application
13    In support of the motion for default judgment, plaintiff provided declarations from its
14 manager of collection services, Joseph Koenigs (Doc. 11, Attachment 3) and its counsel, Jennifer
15 Poochigian (Doc. 11, Attachment 2).  Mr. Koenigs declared that, on March 13, 2005, plaintiff
16 entered into an oral agreement with defendant Golden Hills.  (Doc. 11, Attachment 3 at ¶ 6).
17 Pursuant to that agreement, plaintiff was to provide Golden Hills with temporary employees, and
18 Golden Hills agreed to pay plaintiff "for the use of such employees as may be invoiced by
19 [defendant] from time to time."  (Doc. 11, Attachment 3 at ¶ 8).  According to Mr. Koenigs,
20 plaintiff performed the agreement by providing temporary staffing to defendant Golden Hills.
21 (Doc. 11, Attachment 3 at ¶ 9).  However, on or about April 2, 2005 through the present,
22 according to Mr. Koenigs, defendant failed to pay plaintiff for the temporary employees so
23 provided, notwithstanding invoices sent by plaintiff to defendant.  (Doc. 11, Attachment 3 at ¶¶
24 10-11).  As to the claim of book account, Mr. Koenigs declared that plaintiff maintains a set of
25 books of original entry for accounts receivable, and that these constitute the principal record of
26 its transactions with customers such as defendant.  (Doc. 11, Attachment 3 at ¶ 12).  According

to Mr. Koenig, each ledger entry is posted by entering each account transaction into plaintiff's computer and that, as an integral part of plaintiff's bookkeeping system, each transaction on the ledger is posted at or near the time of the transaction by company employees in the regular course of business. (Doc. 11, Attachment 3 at ¶¶ 13-14). Mr. Koenig declared that, as payments are received, it is plaintiff's practice that such payments are applied to the specific item of account set forth on the payment provided by the customer (if so provided) or to the oldest item on the then existing statement of account, whereupon the ledger is updated so that it shows only those items of account that have not been paid. (Doc. 11, Attachment 3 at ¶ 16). Mr. Koenig declared that the principal balance on the account due from defendant Golden Hills was $129,566.71 and that defendant had made no payment to reduce its indebtedness. (Doc. 11, Attachment 3 at ¶ 17). As to the claim of account stated, Mr. Koenig declared that a monthly statement was mailed to defendant, that none of these statements were returned by the mail, that plaintiff had not received any complaints regarding the services it rendered to defendant, and that the principal amount due from defendant was, as noted above, $129,566.71. (Doc. 11, Attachment 3 at ¶¶ 19-23). In terms of work and labor performed, Mr. Koenig declared that defendant received all the services outlined in the agreement between it and plaintiff and that the reasonable value of such work was $129,566.71. (Doc. 11, Attachment 3 at ¶¶ 24-28). As to interest, Mr. Koenig declared that interest had accrued at the rate of 10% per annum, beginning April 2, 2005, and continuing through December 7, 2005, in the amount of $8,837.01.

Plaintiff's counsel declared that plaintiff was entitled to $1,000.00 in statutory attorney's fees in a contract action based on a book account, citing Cal. Civ. Code § 1717.5, and costs in the amount of $278. (Doc. 11, Attachment 2 at ¶¶ 10-11).

III. Default Judgment

The entry of a default judgment is governed by Fed. R. Civ. P. 55. Plaintiff has sought relief under a specific subsection of this rule - Rule 55(b)(1) - which states that "[j]udgment by default may be entered as follows:"

3

> "(1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person."

As is evident from the foregoing, Rule 55(b)(1) applies when (1) the defendant is not an infant or incompetent person, (2) defendant has been defaulted for its failure to appear, and (3) the amount claimed by plaintiff is a "sum certain." These requirements are addressed below.

### 1. Status of Defendant

The defendant - Golden Hills Redevelopment, Inc. - is alleged to be a California corporation. (Doc. 1). Thus, it is not an infant or incompetent person.

### 2. Defendant's Failure to Appear

As to defendant's failure to appear, an issue arises as to whether it was properly served in the first place, invoking the duty to appear. Rule 4(h) of the Federal Rules of Civil Procedure states:

> "Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:
>
> (1) in a judicial district of the United States in the manner prescribed for individuals in subdivision (e)(1), *or* by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, *or* to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant . . . ."

Fed. R. Civ. P. 4(h) (emphasis added).

In this case, and prior to the entry of default, plaintiff had effected service on Golden Hills by delivery of a summons and complaint to one "Linda Apodcaca," identified as an "Office Manager." (Doc. 6 at p. 2). In the Ninth Circuit, it has been held - in the context of a challenge to a Rule 55(b)(1) default - that service upon a receptionist can be sufficient. Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, 840 F.2d 685, 688-689 (9th Cir. 1988). As

noted in Direct Mail, "'service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service.'" Id. at 688 (citation omitted). Such is the implication that arises here from plaintiff's Declaration of Service, which states that service was effected upon an "Office Manager" at defendant's corporate address, 901 Tower Way, Suite 307, Bakersfield, California. (Doc. 6 at p. 2)[1]. Defendant having made no appearance whatsoever in this action, there is no reason to believe otherwise.

       3.     Sum Certain

The amount claimed in the complaint, and now in plaintiff's Application for Judgment, is a sum certain: $129,566.71. The Application for Judgment also requests the following additional sums:

    (1) $8,837.01 in prejudgment interest (determinable by calculation based upon Cal. Civ. Code § 3287(a) and § 3289),

    (2) $278.00 of costs, and

    (3) $1,000.00 attorney's fees on a book account (as set forth in Cal. Civ. Code § 1715.5). (Doc. 11, Attachment 2 at p.2 and Attachment 3 at p. 5).

The foregoing amounts are either readily calculable (prejudgment interest) or in an amount with a statutory cap (attorney's fees on book account). See KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 19 (1st Cir. 2003)("'if the damages sought by the party moving for a default judgment are for a sum certain, or an amount which can be rendered certain by calculation, no evidentiary hearing on damages is necessary'")(quoting Farm Fam. Mut. Ins. Co. v. Thorn Lumber Co., 202 W. Va. 69, 501 S.E.2d 786, 790 (1988)); Combs v. Coal Mineral Mgmt. Svcs. Inc., 105 F.R.D. 472, 474 (D.D.C. 1984)(it is a condition of entry of default by the

---

[1] The Court takes judicial notice of the fact that defendant's address as stated by plaintiff in its Declaration of Service is identical to that on file with the California Secretary of State. (Compare Doc. 6 at p. 2 with http://kepler.ss.ca.gov/corpdata/ShowAllList?QueryCorpNumber=C2332909). See JP Morgan Trust Co. Nat. Ass'n v. Mid-America Pipeline Co., __ F. Supp. 2d __, 2006 WL 302758 (D. Kan. 2006)(district courts routinely take judicial notice of public documents filed with the Secretary of State).

clerk that "the claim is for a sum certain or for a sum which can by computation be made certain").

In addition to the "sum certain" test, Fed. R. Civ. P. 54(c) imposes an additional requirement - that a judgment by default be no different in kind from or exceed in amount that prayed for in the demand for judgment.  Here, plaintiff expressly alleged in the complaint that it sought $129,566.71 in damages, the same amount identified in plaintiff's Application for Default Judgment.  (Compare Doc. 1 with Doc. 11).  Likewise, plaintiff's complaint - as with its Application for Default - demanded interest at the statutory rate.  (Id.)  Finally, while not explicitly demanded in the complaint, an award of costs to the prevailing party is dictated by Fed. R. Civ. P. 54(d), while attorney's fees on a book account - capped at $1,000 - are dictated by Cal. Civ. Code § 1717.5(a).

Accordingly, IT IS RECOMMENDED that

1. Plaintiff's Application for Default Judgment against defendant Golden Hills Redevelopment, Inc. BE GRANTED BY THE CLERK and that judgment against said defendant in the amount of $129,566.71, plus $8,837.01 in prejudgment interest, $1,000 in statutory attorney's fees and $278.00 in costs BE ENTERED BY THE CLERK.  (See Sea-Land Corp. V. Global Furniture Indus., Inc., 130 F.R.D. 279, 280 (E.D.N.Y. 1990)(report and recommendation by magistrate judge that clerk of the court be authorized to enter default judgment under Fed. R. Civ. P. 55(b)(1)).

This report and recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.

1 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).
2 The parties are advised that failure to file objections within the specified time may waive the
3 right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5 IT IS SO ORDERED.

6 Dated:   **February 24, 2006**                              **/s/ Theresa A. Goldner**
  **j6eb3d**                                          UNITED STATES MAGISTRATE JUDGE